Edge v. State.

---

A. E. EDGE v. THE STATE.

(*Knoxville.* September Term, 1906.)

ABORTION. One procuring crime to be committed in a sister State is not indictable here as accessary before the fact when the principal is not indictable here, when.

Where a person in this State procures a physician to perform in a sister State a criminal operation upon a pregnant female, with intent to destroy the child, and not with a view to preserve the life of the mother, who afterwards came into this State, and while here domiciled died in consequence of said operation, the person so procuring the operation to be performed cannot be prosecuted criminally in this State as an accessary before the fact, where the principal, the physician performing the operation in the sister State, did not consummate the offense in this State, either through the intervention of an agent or by any other means proceeding directly from himself, so as to give this State jurisdiction of the crime committed by him.

Code cited and construed: Secs. 6430, 6432, 6934-6936 (S); secs. 5340, 5342, 5801-5803 (M. & V.); secs. 4589, 4591, 4973-4975 (T. & S. and 1858).

Cases cited and approved: Riley v. State, 9 Humph., 657; State v. Ayers, 8 Baxt., 99-101.

Cases cited and distinguished: Tyler v. People, 8 Mich., 320; State v. Caldwell (N. C.), 20 S. E., 523; Commonwealth v. Macloon, 101 Mass., 1; State v. Moore, 6 Fost. (N. H.), 448; People v. Hall, 57 How. Pr. (N. Y.), 342; State v. Knight, 1 N. C., 143; State v. Chapin, 17 Ark., 561; People v. Hodges, 27 Cal., 340.

FROM KNOX.

Appeal in error from the Criminal Court of Knox County.—JOSEPH W. SNEED, Judge.

TEMPLETON & TEMPLETON, JOHN C. HOUK, and D. D. ANDERSON, for plaintiff in error.

ATTORNEY-GENERAL CATES and T. L. CARTY, for State.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The plaintiff in error was convicted as an accessary before the fact to the crime of murder in the second degree, and his punishment fixed at confinement in the State penitentiary for a term of ten years.

It is insisted the trial judge erred in not quashing the indictment, for the reason it showed no offense committed by the plaintiff in error in the State of Tennessee. The indictment charged that "one E. A. Reed, a physician, on the —— day of December, 1905, in the town of Asheville, county of Buncombe, State of North Carolina, by means of drugs and chemicals, did commit a criminal abortion upon one Lilah Johnson, a woman pregnant with child, with the intent to destroy said child, the same

not having been done with a view to preserve the life of the mother, and that A. E. Edge, of Knoxville, Tennessee, before said felony was committed, in form and manner as aforesaid, to wit, on the —— day of November, 1905, in Knox county, Tennessee, unlawfully and feloniously did move, incite, counsel, commit, hire, and procure the said Reed to commit, in manner and form aforesaid, the felony, and that after said felony was committed, in manner and form aforesaid, on and in the said Lilah Johnson, she, the said Lilah Johnson, came into the county of Knox and State of Tennessee, and there, from the effects of said medicine, drugs, and other substance, and the use of said instrument and other means aforesaid, languished of the said acts and did suffer until, on the 20th day of January, 1906, she then and there died of the said acts and felony, and so the said A. E. Edge, of the State of Tennessee and county of Knox, her, the said Lilah Johnson, did then and there unlawfully, feloniously, willfully, deliberately, and with malice aforethought kill and murder, and counsel, hire, commit, move, incite, and procure the said Lilah Johnson to be murdered, contrary to the statute, and against the peace and dignity of the State."

Section 6430, Shannon's Code, provides as follows: "Any person who shall feloniously move, incite, counsel, hire, command or procure any other person to commit a felony is an accessary before the fact."

Section 6432 provides: "An accessary before the fact may be prosecuted and convicted, for a substantive fel-

ony, whether the principal felon has or has not been previously convicted, the offense being cognizable in any court having jurisdiction of the crime of the principal felon."

The insistence of counsel is that the criminal court of Knox county, having no jurisdiction of the crime of the principal felon, which was committed in North Carolina, would have no jurisdiction of the offense of the accessary before the fact committed in Tennessee.

Counsel cites *State* v. *Ayers,* 8 Baxt., 99-101, wherein it appears that Ayers was indicted in Knox county as an accessary before the fact to a murder committed in Knox county. It appeared from the face of the indictment that the acts of accessaryship were committed by Ayers in Anderson county, Tennessee. For this reason the trial court on motion quashed the indictment. On appeal, this court reversed the action below and adjudged the indictment valid. In the midst of its opinion, the court said: "The sole question presented is whether the prisoner, who in one county of this State counseled, hired, procured, or commanded a murder to be committed in another county of this State, is indictable in the county where the murder was actually consummated, or in the county in which such counseling, hiring, commanding, or procuring was done, as accessary before the fact to such murder."

The court held that the prisoner was properly indicted in Knox county.

The reasons of the court are thus stated: "The crime

of an accessary before the fact, though inchoate in the act of counseling, hiring, or commanding, is not consummated until the deed is actually done. It is the doing of the deed, and not the hiring or commanding merely, that makes the crime complete, and it is for the deed, the result of the counseling or procuring, and not for the counseling or procuring itself, that the accessary is indicted. Therefore the *locus in quo* of the offense of an accessary before the fact to the crime of murder is in the county in which the murder is done, and the jurisdiction for the trial of the criminal is where the murder is done." Shannon's Code, section 6936.

It is said by counsel for the plaintiff in error that the reasoning of the court in that case applies more strongly where the murder was committed in another State, of which crime the courts of this State could have no possible jurisdiction, than to the case of a murder counseled in one county of this State and committed in another county of this State.

It appears from the averments of the indictment that the act of abortion was performed in North Carolina, after which act the girl, Lilah Johnson, came back to Tennessee and died in Knox county, as the result of said act of abortion.

At common law, one State had no jurisdiction of an offense consummated within its borders, when it appeared that the offense was commenced in another State. In order to warrant the exercise of such jurisdiction, it must be conferred by statute. It is insisted on behalf of

the State that this jurisdiction has been conferred by section 6935 of Shannon's Code, which provides as follows: "When the commission of an offense commenced within this State is consummated without its boundaries, the offender is liable to punishment therefor; and in such case the jurisdiction is in the county where the offense was commenced."

The plaintiff in error was indicted as an accessary before the fact to the crime of murder, and, conceding that the acts of accessaryship on his part were commenced in Knox county, Tennessee, the crime with which he is charged to have been an accessary before the fact was not consummated without the boundaries of this State, but was consummated within this State by the death of Lilah Johnson. Thus, it is obvious that this statute is wholly inapplicable in the present instance.

But it is said that jurisdiction is conferred by section 6934, Shannon's Code, which provides as follows: "When the commission of an offense commenced without this State is consummated within its boundaries, the person committing the offense is liable to indictment therefor in this State, although he was out of the State at the commission of the offense charged, if he consummated it in this State, through the intervention of an innocent or guilty agent, or by any other means proceeding directly from himself; and in such case, the jurisdiction is in the county in which the offense was consummated, unless otherwise provided by law."

It is undeniable that, if the averments of the present

indictment bring this case within the provisions of this statute, then the criminal court of Knox county had jurisdiction of the crime of the principal felon, and it would follow that it would also have jurisdiction of the crime of an accessary before the fact.   The fatal infirmity in this indictment is, it does not charge any facts showing that the principal felon, A. E. Reed, consummated the offense in this State through the intervention of an innocent or guilty agent, or by any other means proceeding directly from himself.   The indictment simply charges that the girl, Lilah Johnson, died in the State of Tennessee, as the result of the said act of abortion.

A careful scrutiny of this statute will show a definition of what is meant by the consummation of the crime in this State.   It is not sufficient merely to show that the death ensued in this State as the result of a criminal act performed in another State, but there must be some further intervention in this State, proceeding directly from the principal, through an innocent or guilty agent, or by some other means.   No such facts appear on the face of this indictment, and hence this section of the Code is wholly inapplicable.

We do not think the cases cited on behalf of the State are in point.   In *Tyler* v. *People,* 8 Mich., 320, it appeared that the blow which produced death was struck in Canada; but the person assaulted came into the State of Michigan, where he died, and Tyler, who struck the blow, was indicted for murder in Michigan.   But it ap-

peared in that case that the legislature had passed an act providing, in substance, that where a mortal wound was given outside of the State, and death resulted therefrom in any county within the State, the offense might be prosecuted and punished in the county where the death happened.

In *State* v. *Caldwell*, decided by the supreme court of North Carolina in 1894, and reported in 20 S. E., 523, it appeared that Caldwell had assaulted a man by the name of Nelson in the State of South Carolina; but Nelson was brought in the State of North Carolina, and there died from the effects of the wound received at the hands of Caldwell. The legislature of North Carolina had passed a statute similar to the Michigan statute referred to above, and the supreme court of North Carolina, upon the facts stated, held that the offense of murder charged against Caldwell was consummated in the State of North Carolina, and the conviction of Caldwell was affirmed.

In *Commonwealth* v. *Macloon*, 101 Mass., 1, 100 Am. Dec., 89, it appeared there was in force in Massachusetts a statute, similar to the Michigan statute, providing that where a wound is given without the limits of a State, by means whereof death ensues in any county of said State, such offense may be prosecuted and punished in the county where death ensues. The defendants in that case were seamen, who had "on the high seas committed an assault on one Hooper, who afterwards died, as the result of said assault, in Suffolk county, Massachusetts."

The jurisdiction of the Massachusetts court was upheld under the provisions of the statute.

But these cases are all inapplicable for the reason we have no statute in Tennessee exactly like that upon which those cases were determined; but our statute is very explicit in defining the conditions upon which the State courts may have jurisdiction of an offense commenced in another State, but consummated in this State.

But it is said that at common law the principal felon was indictable in the county or jurisdiction where the crime was consummated, and that, independently of our statute, this is the law of this State; but in *Riley* v. *State,* 9 Humph., 657, it was said: "But in the case of homicide, if the wound was given in one county and the death happened in another, it was said by some that the party was not indictable at all, because the offense was not complete in either county, and the jury could inquire of what happened only in their own county. But the common law was that he might be indictable where the stroke was given, for that alone is the act of the party and the death is but a consequence"—citing 1 East, 361. "Therefore, when the legislature enacts that the party shall be tried in the county where the offense may have been committed, they intended where the active agency of the perpetrator was employed." If this rule is to be applied, the principal felon in this case would be indictable in North Carolina, and not in Tennessee. But in our opinion, our statute (section 6934, Shannon's Code) was intended to cover all cases where an offense com-

menced beyond this State is consummated within its
boundaries. In such case, under the express provisions
of the statute, there must be an act of intervention in
this State proceeding directly from the perpetrator him-
self, either through an innocent or guilty agent, or by
any other means.

It is further insisted on behalf of the State that by
the principles of the common law the accessary is to be
tried at the place where his guilty act of accessaryship
took place. Wharton's Crim. Law (10th Ed.), section
287; *State* v. *Moore*, 6 Fost. (N. H.), 448, 59 Am. Dec.,
354; *People* v. *Hall*, 57 How. Pr. (N. Y.), 342; *State* v.
*Knight*, 1 N. C., 143; *State* v. *Chapin*, 17 Ark., 561, 65
Am. Dec., 452; *People* v. *Hodges*, 27 Cal., 340. However,
this may have been at common law, it has been settled in
this State by section 6432 of Shannon's Code, which pro-
vides that the offense of the accessary is cognizable in
any court having jurisdiction of the crime of the princi-
pal felon. This provision is in the same act which per-
mits the prosecution of the accessary without the previ-
ous conviction of the principal felon, which could not
have been done at common law. It having been seen
already that the principal felon, A. E. Reed, in this case
could not, under our statute, have been indicted in this
State, it follows that the offense of the accessary before
the fact is not justiciable in this State. This is plainly a
*casus omissus* in the law, and the result is that the indict-
ment in this case must be quashed, and the judgment of
the court below reversed.