BERRY BIBBS *v.* THE STATE.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

BAILEY WALSH and THOMAS J. WALSH, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error and Ernest Lindsey were jointly charged in an indictment of three counts. (1) With a conspiracy to rob the Medina Banking Company, (2) as accessory before the fact to the robbery, and (3) as accessory after the fact. They were arraigned upon the indictment and at the first trial in May, 1930, the jury could not agree and a mistrial was entered.

When they were again put to trial in June, 1930, Lindsey withdrew his plea of not guilty, entered a plea of guilty of the felonious attempt to commit a felony, and his punishment was assessed at imprisonment for one year in the penitentiary. Bibbs entered a plea of present insanity. A jury was impaneled and witnesses were introduced in support of the plea. At the conclusion of their testimony the trial judge directed a verdict against the plea. This action of the court is assigned as error. The testimony presented in support of the plea does not appear in the record and is not otherwise before the court, and it must be presumed that there was no evidence of insanity and no controversy for submission to the jury.

Prior to this action and upon return of the indictment, which was predicated on chapter 128, Acts of 1925, the defendant Bibbs challenged the validity of the indictment by demurrer upon the ground that the Act of 1925 is unconstitutional. The demurrer was overruled and that action of the court is assigned as error.

It is insisted that the Act of 1925 is broader than the caption, that the punishment therein prescribed is so unreasonable as to render the Act void and that the classification of offenses against banking houses or places

where money is kept on deposit is unreasonable and so renders the Act void.

■ The subject of the Act is sufficiently expressed in the caption so that it does not violate Article II, section 17, of the Constitution.

■ The classification is not unreasonable. Banks and other places of depository for money and valuables offer an exceptional field for robbery and taking by acts of violence. Such acts are of themselves a threat and menace to the lives of others in charge of the institution as well as of patrons and customers who may be about the bank when the robbery is sought to be accomplished by violence, and it is not unreasonable to classify such acts as a crime of higher degree than ordinary acts of larceny and robbery.

In *Jones* v. *State,* decided at Knoxville in 1928, the validity of the Act was challenged because indefinite and because the punishment prescribed was unreasonable. In a manuscript opinion the court held that the crime was sufficiently defined and that the punishment was not cruel and unusual within the meaning of the forbidding provision of the State Constitution. Power to prescribe punishment lies with the legislature and unless the constitutional mandate is violated by the legislature the court cannot set aside their will expressed in fixing punishment for crime.

In the introduction of testimony, the State offered as evidence a statement of plaintiff in error Bibbs admitting his complicity in the robbery. It is insisted that this evidence was not admissible because the *corpus delicti* was not proven. It was insisted by counsel for plaintiff in error that the alleged act of Bibbs in counseling and inciting the robbery constituted the *corpus delicti* in this case and not the robbery of the bank, and counsel for

plaintiff in error requested the court to so instruct the jury. The instruction was refused.

■ *Corpus delicti* means existence of a criminal act. In this case it was the robbery of the Medina Banking Company.

■ The defendant's guilty agency in connection with that criminal act was that of accessory before the fact, a term so well understood as to require no definition. The trial judge committed no error in admitting Bibbs' statement in evidence and in refusing to charge that the *corpus delicti* was his act of inciting and aiding others to accomplish the robbery of the Medina Banking Company.

■ Clellan Jones and Floyd Burton entered the bank at Medina between one-thirty and two P. M. January 24, 1930, and with force and arms took away from the cashier $2599.33 in currency. They left Medina after the robbery in a Ford roadster registered to Bibbs' wife. That fact was ascertained by Robert Graves, who gave pursuit and procured the number of the car. He also identified the driver as Hardin Neal, who lived with Bibbs, and was driving the car when Graves overtook it at Webb's store. At that time Jones and Burton had left the car.

Callie Nathan, a servant at the Bibbs home, testified that Neal, driving rapidly, brought the car in a while before the sheriff came.

Graves, who was following, saw a man leave the car between Spring Creek and Jackson on Highway No. 1. Bibbs, with his wife in a Nash car, was seen to leave Jackson and drive east on Highway No. 1 about one P. M. An hour or more later Mrs. Bibbs, with her father, Lee James, was seen fifteen miles east of Jackson on Highway No. 1 driving toward Jackson. The witness who met Mrs. Bibbs driving west also met the Ford roadster

that was used in the robbery about two miles beyond where he met Mrs. Bibbs. Graves was following the roadster at that time.

The description given by Graves to, Sheriff Exum of Madison County caused him to go to the Bibbs home where he took the car in charge and arrested Neal who had brought it in.

Jones, Burton, Neal, Ernest Lindsey and the defendant Bibbs were arrested and after their arrest were carried to Memphis where counsel for plaintiff in error insist they were given the third degree by Inspector Griffin. The fact appears in the record only by inference. There is no evidence stating that confessions were forcibly extracted from the prisoners while at Memphis. After that Bibbs was brought back to Gibson County and was introduced as a witness at Lindsey's preliminary trial before Squire Boone. Bibbs' testimony was reported in shorthand by Graper Russell. Before he testified, the magistrate and Attorney-General Sherrod both warned him that any statement that he made would be used against him. His testimony at the preliminary trial was proven by Russell, who says that he stated that he and Lindsey planned the robbery of the bank and that he went with Lindsey and Jones to Medina on Wednesday before the robbery occurred on Friday to view out the situation, and before the robbery arranged to meet Jones and Burton in a thicket on Highway No. 1. He further testified that he met them at the point agreed on and that they gave him $1200 of the money they had taken from the bank. He further stated that he gave to Lindsey $900 of the money so received, a portion of it in payment of whiskey that he had bought from Lindsey and the balance Lindsey's half of the loot.

Bibbs did not testify at the trial and offered no evidence. The evidence sustains the verdict, which will be referred to the first count of the indictment charging him as an accessory before the fact to the robbery. Our statute embodied in sections 6430, 6431 and 6432, Shannon's Code, reads as follows:

"Any person who shall feloniously move, incite, counsel, hire, command, or procure any other person to commit a felony, is an accessory before the fact.

"All accessories before the fact shall be punished as the principals are punished, except when otherwise expressly provided.

"An accessory before the fact may be prosecuted and convicted for a substantive felony, whether the principal felon has or has not been previously convicted, the offense being cognizable in any court having jurisdiction of the crime of the principal felon."

The assignment of error directed to the refusal of the trial judge to charge that failure of Bibbs to testify could not be considered as evidence against him is without merit because not predicated upon any exception incorporated as ground of motion for a new trial. *Green* v. *State*, 147 Tenn., 299, 247 S. W., 84.

Affirmed.