EDWARDS *et al. v.* STATE.

(*Jackson*, April Term, 1939.)

Opinion filed May 27, 1939.

Frank Barton, of Brownsville, for plaintiff in error Edwards.

Hugh L. Clarke and William Lloyd Johnson, both of Brownsville, for plaintiff in error Hardin.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

Plaintiffs in error were indicted and convicted with Lynn Thomas and Virgil Hughes for the larceny of a black mule in Haywood County, the punishment of each being fixed at two years in the penitentiary. Hughes was granted a new trial. Thomas did not appeal.

The mule in question was stolen from the pasture of Mrs. Laverne Binder, in Brownsville, on the night of October 9, 1937. We think the preponderance of the testimony shows that the mule was stolen by Edwards and Thomas and trucked by them to Dyersburg with other stolen stock, all of which was turned over to Hardin about 11 o'clock that night, and he left immediately with the stock for St. Louis, where he sold them the next day.

We quote from the brief filed on behalf of the State as follows:

"Plaintiffs in error are both residents of Crockett County, Hardin living at Alamo and Edwards at Bells. They are both stock traders by profession. Hardin sometime prior to October, 1937, apparently had extended his operations to Dyersburg. The record shows that he had rented a stock barn at that place and was also the owner of a truck which was being used to haul stock around the country. Sometime in the fall of 1937, Edwards approached him with a proposition that he, Edwards, would borrow $1,000 from a friend of his in Crockett County and that since Hardin had a truck, it could be used for purposes of hauling the stock and that after the $1,000 should have been repaid to the lender, the parties would divide the profits equally among themselves. Hardin accepted this proposition and the parties seemed to have operated along this line. It appears in the course of their operations that they must have acquired a certain amount of stock because the record discloses that on October 9, 1937, which was a Saturday, plaintiff in error Edwards left Dyersburg on this occasion in this truck and had with him four head of stock in which plaintiff in error Hardin testifies that he had an interest.

"It was the theory of the State in the lower court as well as it is in this court that the plaintiffs in error formed a conspiracy to the effect that the plaintiff in error Edwards would go out with this truck and would steal stock and bring them to Dyersburg and that the plaintiff in error Hardin would then convey them to St. Louis or to some other market where they would be sold with a minimum chance of detection. The State concedes that the plaintiff in error Hardin, under this record, was

not present in the actual sense of the word at the theft of the mule in question and that he got no closer to Brownsville, where the mule was stolen, than Dyersburg."

Upon this theory of the State we are of the opinion that the conviction of Hardin for larceny cannot be sustained. He was acquitted of receiving and disposing of stolen property, and he was not indicted for conspiracy or as an accessory before the fact. The indictment charges him with the theft of a mule in Haywood County, and the State concedes that he was not in the county on the night that the mule was stolen.

In *Bibbs* v. *State,* 162 Tenn., 646, 39 S. W. (2d), 1024, it appears that Bibbs, Jones and Burton conspired together to rob the bank at Medina, and the two latter, in the absence of Bibbs, by force took from the cashier $2599.33 in currency. They met Bibbs later and delivered to him his share of the money. It was held that Bibbs' act was that of accessory before the fact. In that case Bibbs was charged in the indictment (1) with a conspiracy to rob the Medina Banking Company, (2) as accessory before the fact to robbery, and (3) as accessory after the fact.

At common law, one indicted as principal cannot be convicted on proof showing him to be only an accessory before the fact. 31 C. J., 845; Wharton's Criminal Law (12 Ed.), Vol. 1, p. 327. The only exception we have found to this rule is where by statute it is provided that an accessory before the fact shall be deemed and considered as a principal, and punished accordingly. 1 Wharton, 367.

In *Pierce* v. *State,* 130 Tenn., 24, 44, 45, 168 S. W., 851, 856, Ann. Cas., 1916B, 137, it is said:

"No substantial difference exists between our statutory definition of a person guilty as accessory before the fact and the above given by Mr. Blackstone and Sir Matthew Hale, and the distinction between persons guilty as principals and those guilty as accessories before the fact, insofar as the difference in degree of guilt is concerned, exists under our jurisprudence to-day, as it did at common law before our legislation on the subject. Some changes have been wrought by our legislation, but these changes have not obliterated the above distinction. Illustrations of the above statement are to be found in sections 6431 and 6432 of Shan. Code. It is a mistake to suppose that either of the sections last above named destroys the distinction existing at common law between the degree of guilt of a principal and an accessory in crime. Our cases clearly recognize this distinction. *State* v. *Ayers*, 8 Baxt. (67 Tenn.), [96], 99; *Moody* v. *State*, 6 Cold. (46 Tenn.), [299], 300; *Self* v. *State*, 6 Baxt. (65 Tenn.), 244; *State* v. *Rogers*, 6 Baxt. (65 Tenn.), 563; *Edge* v. *State*, 117 Tenn., 405, 99 S. W., 1098, 10 Ann. Cas., 876."

It follows that the judgment as to Hardin is reversed.

The defense interposed by Edwards was that of an alibi, his contention being that he was in Memphis on the night that the mule in question was stolen. This presented a simple question of fact as to which the testimony was in conflict. The jury accepted the evidence of the State, and we think correctly so. Edwards, just prior to his trial herein, had been released from the penitentiary, where he had served a term upon a conviction for the larceny of two mules in Madison County and had been rendered infamous.

Thomas, who had previously been rendered in-

famous, testified that he did not participate in the theft of this mule although he happened to be near Mrs. Binder's lot and saw Edwards take the mule. The court instructed the jury that they would not consider this evidence as to Edwards. It further appears that the jury disbelieved Thomas because they also convicted him. This testimony, in our opinion, did not affect the verdict.

A number of errors have been assigned on the charge of the court. We have examined them with care and find that they are without merit.

Complaint is made as to the argument of the attorney general to the jury. This criticism has been satisfactorily answered in the brief filed on behalf of the State.

We think Edwards was accorded a fair trial. So far as he is concerned the record presented a single issue of fact, namely, as to whether he delivered the Binder mule to Hardin in Dyersburg on the night that it was stolen. The jury found that he did and the evidence abundantly supports that finding.

The judgment of the trial court as to Edwards will be affirmed.