Jose **RIOS–RAMIREZ,** Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21540.

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1968.

Certiorari Denied April 1, 1969.
See 89 S.Ct. 1292.

Charles M. Berg (argued), Beverly Hills, Cal., for Rios-Ramirez.

Frank Duncan, Los Angeles, Cal., for Rodriguez.

Ronald S. Morrow (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and * SOLOMON, District Judge.

BARNES, Circuit Judge:

Jose Rios-Ramirez was tried and convicted, along with three other defendants, upon an indictment charging him with transporting and selling heroin in violation of 21 U.S.C. § 174. That conviction was later affirmed by this court, and the opinion reported at 386 F.2d 831 (9th Cir.1967). The district court had jurisdiction under 18 U.S.C. § 3231, and we had jurisdiction of the appeal under 28 U.S.C. § 1291.

Subsequently, on August 21, 1968, this court, on its own motion, set aside its

* Hon. Gus J. Solomon, Chief Judge, United States District Court, Portland, Oregon, sitting by designation.

affirmance of appellant's conviction and reinstated the appeal in order to reconsider the case in light of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), made retroactive in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

The question we must now decide is whether the admission at appellant's joint trial of extrajudicial statements made by appellant's codefendant, Manzano, allegedly incriminating appellant, violated appellant's right of cross-examination secured by the confrontation clause of the sixth amendment. After careful reconsideration in light of *Bruton* and cases based thereon, we hold that appellant's rights were not violated and, hence, affirm the conviction below, for the reasons which follow.

We recently had occasion to discuss the holding in *Bruton* and apply the principles expounded therein. In Santoro v. United States, 402 F.2d 920 (9th Cir. October 31, 1968), we noted that the Supreme Court had held that petitioner Bruton's "constitutional right of cross-examination" had been denied where the Government introduced the out-of-court confession of the petitioner's codefendant which implicated the petitioner, where the codefendant did not take the stand and was, therefore, not subject to confrontation and cross-examination by the petitioner. We then held in *Santoro* that because the appellant's three codefendants all took the stand, the appellant had an opportunity —unlike Bruton—to confront and cross-examine the *witnesses against him*, and thus appellant Santoro's rights were not denied him.

In the present case, counsel for appellant Rios-Ramirez does not *indicate* which extrajudicial statements he finds objectionable in light of *Bruton*. From our study of the record, however, it would appear that the objectionable statements appear at pages 334 and 359 of the Reporter's Transcript. In the first instance, Agent Saiz testified for the Government:

"She [defendant Manzano] told me that she had gone to the room and had gone to a dresser drawer, had taken the rubber condom with the heroin, and had returned to Room 331, and that that was the heroin she had given to Rios."

In the second instance, Agent Saiz read from an information sheet filled out as a result of an interview of defendant Manzano. Included on the sheet was the notation that the defendant's associates included Jose Rios-Ramirez.

As in *Santoro*, and contrary to the case in *Bruton*, defendant Manzano in the present case took the stand and testified regarding the subject of her *out-of-court statements*. Much of her direct testimony concerned appellant Rios-Ramirez. (See R.T. 565–580.) Following her direct testimony, defendant Manzano was thoroughly cross-examined by appellant's attorney. (See R.T. 582–599.) (In this case, each defendant was represented by separate counsel.) Thus, appellant not only had an opportunity to confront and cross-examine the person whose statements inculpated him, but he in fact took advantage of this opportunity and exercised his constitutional rights. Under these circumstances, we do not see how appellant can claim that his right of cross-examination, secured by the confrontation clause of the sixth amendment, has been violated.

Further, it is too late to claim here for the first time that defendant Manzano's extrajudicial statements should not have been admitted at all insofar as they concerned appellant for the reason that they were inadmissible hearsay as to him. At the time these statements were offered, appellant's counsel made no objection—on hearsay, or any other, grounds. Thus, this possible objection was waived. Good v. United States, 378 F.2d 934, 936 (9th Cir. 1967); Osborne v. United States, 371 F.2d 913, 921 (9th Cir.), cert. denied, 387 U.S. 946, 87 S.Ct. 2082, 18 L.Ed.2d 1335, rehearing denied, 389 U.S. 891, 88

S.Ct. 23, 19 L.Ed.2d 207 (1967). As previously discussed, appellant's constitutional rights were safeguarded by virtue of the fact that he could confront and cross-examine the hearsay declarant.

For the reasons herein stated, we find no error justifying a reversal of the conviction. The conviction is affirmed.