James **ALLEGRETTI**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. P–3037.

United States District Court
S. D. Illinois, N. D.
May 27, 1969.

See also D.C., 271 F.Supp. 120.

**470**

Carl M. Walsh, Chicago, Ill., for petitioner.

Richard E. Eagleton, U. S. Atty., Peoria, Ill., for respondent.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause comes before the Court on petitioner's second motion to vacate sentence and judgment of conviction under Section 2255 of Title 28 of the United States Code.

Section 2255 provides in pertinent part:

"A prisoner in custody * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence."

* * * * *· *

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The petitioner claims that testimony of several government witnesses to out-of-court statements of two persons (one a co-defendant, Falzone), which were admitted into evidence against Falzone only, denied the petitioner his right to a fair trial and his right to confrontation and cross-examination as secured by the Sixth Amendment to the Constitution of the United States. The motion places principal reliance on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which was held to be retroactive in effect by Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

 It is first argued that the mere admission of incriminating out-of-court statements by petitioner's co-defendant, Falzone, denied the petitioner a fair trial. Alleged errors in admission of evidence, however, are required to be raised by appeal and do not constitute a basis for collateral attack, and hence cannot be asserted on a statutory motion to vacate, set aside, or correct the sentence under Section 2255 of Title 28 of the United States Code. See Rivera v. United States, 318 F.2d 606 (9th Cir. 1963); Glouser v. United States, 296 F. 2d 853 (8th Cir. 1961), cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962). The petitioner here has had such appeal and the question of admissibility has been determined. United States v. Allegretti, et al., 340 F.2d 254 (7th Cir. 1964), cert. denied, 381 U.S. 911, 85 S.Ct. 1531, 14 L.Ed.2d 433 (1965). This case, therefore, is clearly distinguishable from United States v. Guajardo-Melendez, 401 F.2d 35 (7th Cir. 1968) cited by petitioner. In *Guajardo-Melendez* the Court of Appeals for the Seventh Circuit found the statements to be otherwise inadmissible and, on appeal, reversed the lower court, whereas in *Allegretti* that Court found the statements otherwise admissible.

The sole issue before this court, therefore, is whether, under the rule announced in *Bruton*, the petitioner has been denied his Sixth Amendment rights of confrontation and cross-examination.

Petitioner interprets *Bruton* to require that the accused be granted a separate trial whenever out-of-court statements or admissions are to be admitted against a co-defendant. With this interpretation the Court does not agree.

The Supreme Court in *Bruton* quite clearly established a liberalized policy for defendants when it stated (391 U.S. at 135, 88 S.Ct. at 1627) that:

"[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

In so doing, the Supreme Court (391 U. S. at 126, 88 S.Ct. 1620) expressly overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957) which established the rule that it is possible for the jury to follow sufficiently clear instructions to disregard the confessor's out-of-court statements.

In the "context" found in *Bruton*, an instruction by the trial judge, not to consider testimony against the defendant *Bruton*, was held to be no substitute for the defendant's constitutional right to confront and cross-examine witnesses against him. The Court explained this "context" when it said:

> "Plainly, the introduction of Evans' confession added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since Evans did not take the stand. Petitioner thus was denied his constitutional right of confrontation." Bruton v. United States, 391 U.S. 123, 127–128, 88 S.Ct. 1620, 1623 (1968).

The Supreme Court further specified the limit of toleration in this area, later in the opinion, when it stated:

> "The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination." Bruton v. United States, 391 U.S. 123, 136, 88 S.Ct. 1620, 1628 (1968).

Thus, the Supreme Court emphasized that Bruton's rights were violated because he could not cross-examine the person whose out-of-court statement had been admitted.

Contrary to the situation in *Bruton*, both of the persons whose out-of-court statements incriminated the petitioner did take the stand at the trial in this case. Thus, petitioner had an opportunity to confront and cross-examine them. It is clear, therefore, that the *Bruton* rule is not applicable to the case before this court.

The petitioner cites, and the Court has considered, the several cases which held that limiting instructions are insufficient to avoid the setting aside of convictions. Those cases are distinguishable from the case at bar because the confessing co-defendant did not take the stand in any of them. See United States v. Lyon, 397 F.2d 505 (7th Cir. 1968); United States ex rel. Johnson v. Yeager, 399 F.2d 508 (3d Cir. 1968); United States v. Guajardo-Melendez, 401 F.2d 35 (7th Cir. 1968); and Serio v. United States, 401 F.2d 989 (D.C.Cir.1968). Where the co-defendant did take the stand, contrary results have been reached. Santoro v. United States, 402 F.2d 920 (9th Cir. 1968); Rios-Ramirez v. United States, 403 F.2d 1016 (9th Cir. 1968).

This Court is fully satisfied, for the reasons hereinabove stated, that the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief and that the pending motion should be denied.

It is so ordered.