DONALD G. GARNER and JOHN E. TOLES, Plaintiffs
in Error, v. STATE OF TENNESSEE, Defendant in
Error.—469 S.W.2d 542.

April 13, 1971.

Certiorari Denied by Supreme Court June 21, 1971.

190

Hugh Stanton, Sr., Memphis, for plaintiffs in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Jewett H. Miller and Don Dino, Assistant District Attorneys General, Memphis, for defendant in error.

WALKER, P.J. The defendants below, Donald G. Garner and John E. Toles, were jointly indicted with Charles Edward Murray for the robbery with a deadly weapon of Aubrey E. Fraser on December 24, 1968. At their jont trial, at the close of all the proof, the court granted Murray's motion for a directed verdict and dismissed him. These two defendants were convicted and each sentenced to ten years imprisonment from which convictions they appeal in error to this court.

On December 24, 1968, two men, armed with pistols, entered the Getwell Liquor Store in Memphis, asked for some wine and then robbed the operator, Mr. Fraser, of $254.00 and some change. After their arrest Garner and Murray confessed that they were the robbers; Toles confessed that he was the third man and waited for them outside in Murray's automobile.

Toles told the officers the two pistols were at his home. After obtaining a search warrant, the officers picked up the pistols there. Mr. Fraser identified the .38 caliber pistol used by Garner but could not identify the other

one, a .22 caliber pistol mostly concealed in the robber's hand.

Mr. Fraser identified Garner at a lineup and in court but was unable to identify Murray.

Neither defendant testified. Toles offered proof of an alibi and several character witnesses. Garner submitted no proof.

■ The defendants contend that their arrests were unlawful and, for that reason, their confessions, the lineup and the search were inadmissible. A prisoner in jail under investigation for robbery told officers that the defendants were involved in these and other robberies. With this information officers went to the defendants' homes and arrested them without warrants. We think the arrests lawful under T.C.A. sec. 40-803 (3). See Jones v. State, 161 Tenn. 370, 33 S.W.2d 59.

■ The defendants were advised of their constitutional rights at the time of their arrests and again at the interrogation. Each confessed fully to his participation in the crime. In each case the names of those not signing the confession were deleted when it was admitted into evidence. We hold that the defendants were properly advised of their constitutional rights and waived them; that their confessions were voluntary and did not violate Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694. We further find no violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. These assignments on the confessions are overruled.

Garner waived counsel at his lineup. The evidence shows it was fair and not suggestive. The assignments on it are without merit. The search for the pistols found them where Toles said they were. The record shows the search and seizure lawful.

■ Toles complains that the trial judge instructed the jury on conspiracy when the indictment did not charge that crime. We find no error in that part of the instructions. See Woodruff v. State, 164 Tenn. 530, 51 S.W.2d 843. We further find no error in the instructions on the failure to charge the defendants' special requests. No authority is submitted on these questions.

■ After granting Murray's motion for a directed verdict, the trial judge did not tell the jury of his action and did not permit it to be discussed in argument to the jury. If this was error we think it harmless and without prejudice to these defendants. T.C.A. sec. 27-117.

■ Although Toles did not testify he offered character witnesses on his truth and veracity in addition to his honesty and integrity. In an effort to test the credibility of a character witness the assistant district attorney general inquired about his knowledge of another offense by the defendant. We find this within the bounds of legitimate cross examination for the purpose of testing the credibility of that witness.

■ The defendants say that they did not receive a complete record of the proceedings because of the recording device used in the courtroom. Most of the omissions in the transcript occurred when several attorneys

were speaking at the same time. When this question was raised in Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1, our Supreme Court said:

"We would feel it hypercritical, indeed, to say that these defendants have not been afforded a reasonable and sufficient record."

We think this assignment is likewise without merit.

All assignments are overruled and the judgment against each defendant is affirmed.

Mitchell and Oliver, JJ., concur.