Ira L. **WILLIAMS** et al., Plaintiffs in Error,

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

July 26, 1972.

Certiorari Denied by Supreme Court
March 5, 1973.

**864**

William T. Warren, and Robert T. McGowan, Nashville, for Ira L. Williams.

David Vincent, Nashville, for John W. Partee.

John K. Kyle, Nashville, for John E. White.

Robert E. Hoehn, Nashville, for Earlis Jackson, Jr.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Arnold Peebles, Jr., Martha C. Daughtrey, Asst. Dist. Attys. Gen., Nashville, for defendant in error.

## OPINION

O'BRIEN, Judge.

Ira L. Williams, John W. Partee, John E. White, and Earlis Jackson, Jr., were indicted, and tried jointly, on a charge of murder in the perpetration of a robbery. The trial of a fifth defendant was severed and is not a matter for consideration here. The jury returned a verdict of guilty of murder in the first degree against the four defendants, and fixed punishment at confinement in the State Penitentiary for a period of ninety-nine years and one day for each of them. The trial court rendered judgment accordingly. Motions for new trial were overruled and the matter is now properly before this court.

Separate briefs and assignments of error have been filed on behalf of each of the defendants by their appointed counsel.

The evidence in this case shows that on Christmas Eve, 1970, the defendants were involved in a robbery of the J & G Liquor Store in Nashville, Tennessee. In the course of the robbery a store employee, James Curley Stone, was shot, and died as a result of the shooting.

Each of these defendants assign error because the trial court failed to suppress their separate confessions, and each assess various reasons for making this assertion.

■ The trial court held an extensive and lengthy jury-out hearing over a period of nearly two full days on motions to suppress the statements of the defendants, held the matter under advisement over several days, reviewed the factual evidence as well as the law in issue, and then ruled the confessions admissible under conditions fixed by the court. We have reviewed the evidence heard by the trial judge on the question of whether the confessions of the defendants in this case were voluntarily, understandingly and knowingly made. This evidence preponderates in favor of the trial court ruling, and against the defendants, and will not be disturbed here except on a clear preponderance of the evidence indicating some prejudicial entrenchment upon the constitutional rights of the accused, which we do not find. All of the assignments charging error in failing to suppress the confessions of the individual defendants are overruled. See Janow v. State, Tenn.Cr.App., 470 S.W.2d 19.

Each of the defendants, with the exception of Jackson, have charged error to the

trial court in admitting the masked confessions, of their co-defendants.

■ This question too was considered extensively in the two day preliminary hearing on suppression of confessions. The trial judge permitted the State's attorney to make a summary of the confession applicable to each defendant, omitting any possible reference to a co-defendant, and permitted the police officer who took the confessions to testify accordingly. We have thoroughly examined these statements and do not find that as admitted the separate confessions of the defendants violated the rule established in *Bruton*. The trial judge instructed the jury that the facts contained in each of the statements could only be considered as evidence, if any it was, against the defendant making the statement and should not be considered as evidence against any of the co-defendants. Of course, the confession or admission of any individual defendant was admissible against him. In the context in which they were admitted in the trial court, the admission of these separate confessions was not prejudicial to any co-defendant.

■ Further, if any such prejudicial error was incurred by the admission of the composite statements of the individual defendants, it is clear that any such error was cured, and rendered harmless, by the testimony of the defendant, Earlis Jackson. Jackson was the only one of the four defendants to testify. His testimony indicates he did so in an endeavor to exonerate himself from guilt for the robbery and murder. His full, unedited statement, implicating each of the other defendants by name, was introduced on cross-examination by the State's attorney. Each of the other three defendants had the right of confrontation by cross-examination of this defendant. This fully satisfied any question of violation of the *Bruton* rule. Also, see O'Neil v. State, 2 Tenn.Cr.App. 518, 455 S.W.2d 597; Garner v. State, Tenn.Cr. App., 469 S.W.2d 542; Gant v. State, Tenn.Cr.App., 466 S.W.2d 518; Harring-

ton v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, and Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340.

■ Defendant, Williams, assigns error on the admission of the testimony of Bobby Bates and Frank Hedspith on the premise that these witnesses had been present in court in violation of the rule sequestering witnesses. It appears from the record in this cause that witnesses, William Parrish and Robert Lee Bates did inadvertently enter the courtroom during the testimony of some of the State's witnesses in violation of the rule. The trial court found in a jury-out hearing that the testimony overheard by these witnesses was not related to the testimony they would give in the proceeding, and permitted them to testify. This is a matter within the discretion of the trial judge and in the absence of any prejudicial exercise of this discretion, this court will not reverse. See Robilio v. United States, 263 U.S. 716, 44 S.Ct. 137, 68 L.Ed. 522; Ezell v. State, 220 Tenn. 11, 413 S.W.2d 678. The record does not indicate that the witness, Hedspith, was in the courtroom during the testimony of any other witness.

■ The fifth assignment of error on behalf of the defendant, Williams, alleges that the trial court erred in permitting the State to introduce into evidence a gun allegedly used by this defendant when no proper foundation was laid for the introduction of such gun into evidence.

Although the State's description of the death weapon in its brief is inaccurate, the defendant by his confession admits he was holding the only gun fired in the robbery. He further admitted that after the robbery, he gave the gun to the witness, Robert Bates. Bates' testimony confirms that he obtained the pistol from the defendant, Williams. Subsequently, this weapon, a .25 caliber automatic, with part of the handle broken off was found concealed in Bates' apartment. Other witnesses placed this weapon in the possession of the defendant,

Williams. Subsequent evidence identified this weapon to be the one which fired the slug recovered from the body of the deceased. The evidence in the record clearly establishes a proper foundation for the admission of the weapon and the assignment is overruled.

The sixth assignment for the defendant, Williams, charges error to the trial court in requiring the defendants to present their proof, and the cross-examination, in a definite pattern without regard for the defendant's own preference and without regard for the strategy of the defendants. This assignment is not sustained by the record and is overruled.

The only remaining assignment of error on behalf of the defendant, Partee, not heretofore considered, charges error to the trial court in not suppressing and excluding as evidence the line-up and courtroom identification of this defendant.

Defendant cites Simmons v. United States, 390 U.S. 77, 88 S.Ct. 967, 19 L.Ed. 2d 1247, as authority for reversal on these grounds. The facts of this case do not exceed the standards set forth in *Simmons,* supra, and the photographic identification procedure employed was not impermissibly suggestive so as to give rise to any likelihood of irreparable misidentification. The assignment is overruled.

The third assignment made by defendant, White, charges error to the trial court in allowing in-court identification by a witness who had been shown a photograph just prior to testifying, and is overruled for the same reasons set forth as to that assignment by the defendant, Partee.

■ The fourth assignment for White charges error in allowing the defendant, Jackson, to testify as to negotiations between defendant, White, and the State for a settlement of the case based on a guilty plea of defendant, White.

The testimony, now complained of, was first elicited from the defendant, Jackson, on very effective cross-examination by counsel for the defendant, Partee. It is obvious from an examination of the record that the defendant, Jackson, endeavored to inculpate the other defendants in an effort to exonerate himself from guilt. Whatever view may be taken of the whole line of questioning, in context, we do not find it prejudicial to any of these defendants. The assignment is overruled.

■ The first assignment on behalf of defendant, Jackson, charges error in denying the defendant a separate trial.

■ The proof in this case is adequate to show that this defendant was equally involved with his co-defendants in planning and participating in the robbery-murder. The matter of severance rests in the discretion of the trial court, and that discretion will not be disturbed in the absence of a showing of clear prejudice. Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1; Polk v. State, 170 Tenn. 270, 94 S.W.2d 394; Monts v. State, 218 Tenn. 31, 400 S.W.2d 722. The assignment is overruled.

■ Jackson's second assignment charges error in the trial court's action in overruling his motion to suppress his statement on the premise that he was under the influence of a narcotic drug when interrogated by police officers.

■ The rule is that a confession is generally admissible in evidence even though it was made at a time accused was suffering from, or was under the influence of, narcotics or drugs, provided that at the time accused was capable of making a narrative of past events, or of stating his own participation in the crime. See 23 C.J.S. Criminal Law § 828. The trial court found that the confession was voluntary, and in his own testimony he acknowledged he was aware of his acts and his confession was voluntary. We cannot adopt any other view from the evidence set forth in this record.

■ Defendant Jackson's third assignment charges he was not furnished the statements of witnesses for the State pursuant to his discovery motion; was never furnished a "synopsis" of said statements as promised by the State, and was therefore unable to determine such evidence that would tend to exculpate the defendant or tend to lessen the degree of punishment attributable to him.

Defendant's brief admits that the pertinent Sections of Tennessee Code Annotated do not specifically require the furnishing of witnesses' statements, and cites Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737, as authority which would require reversal under this assignment. We think counsel has misconstrued the authorities cited. This record does not indicate there was any suppression by the prosecution of evidence favorable to this defendant, which was material either to his guilt or to his punishment. We cannot find fault with the trial court's action in overruling the motion and the assignment of error is overruled.

■ Defendant, Jackson, charges that the application of the felony murder rule to the defendant, and the unwarranted and severe penalty resulting therefrom, constitute a cruel and unhuman punishment and denied this defendant due process of law in that a fair and impartial trial was rendered impossible by virtue of the application of said rule.

"It is the law of this state that where a common design to commit a felony is entered upon, the natural and probable consequences of which involve the contingency of taking human life, all entering upon the design are responsible for the acts of each committed in furtherance of such design, even though a resultant killing was not specifically contemplated. Moody v. State, 46 Tenn. 299; Irvine v.

State, 104 Tenn. 132, 56 S.W. 845; Williams v. State, 164 Tenn. 562, 51 S.W.2d 482." Canady v. State, Tenn.Cr.App., 461 S.W.2d 53.

In Williams v. State, supra, the rule is stated, "When men are assembled for an illegal purpose, the commission of a offense by any one of the party in pursuance of that purpose is the act of the whole." This is the rule of the Common Law, and the rule of this State, and does not contravene the general law of the land.

Defendant Jackson's fifth assignment alleges error on the part of the State to refuse to enter into just and rational plea bargaining with this defendant, and the testimony brought forth at the trial of the cause relative to this plea bargaining, denied the defendant a fair trial and denied him due process of law.

We have heretofore dealt with the admission of the testimony relative to plea bargaining in ruling on the fourth assignment of defendant, White. We reiterate what is said there.

■ While it has been said by this court that "the right to plead not guilty has inherently and constitutionally within it the right to plead guilty" . . . . . . . . . Lawrence v. State, 2 Tenn.Cr.App. 638, 455 S.W.2d 650, there is no obligation on the part of the State to offer any benefit or advantage to a defendant by reason of his doing so, and aside from any agreement which may exist between a defendant and the State in reference to the entry of the guilty plea, the ultimate decision to accept or reject any such plea is to be made by the trial court, and if so accepted and received by the court, the final determination on the extent of the punishment to be meted out is the province of the jury, therefore this assignment cannot be sustained.

■ The sixth assignment of error charges that the verdict of the jury is ex-

cessive. What we have said in reference to assignment five is equally applicable here. It is the province of the jury to consider the evidence and to render their verdict. When such a verdict is within the limits prescribed for the offense for which defendant is found guilty, the verdict is not excessive. Yearwood v. State, 2 Tenn.Cr.App. 552, 455 S.W.2d 612.

Defendants have been ably and competently represented by appointed counsel who are to be commended for their services rendered in this very difficult case.

The judgment of the trial court as to each of the defendants is affirmed.

GALBREATH and DWYER, JJ., concur.