**Howard SADLER, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Nov. 13, 1975.

H. T. Etheridge, Jr., Jackson, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, George W. Hymers, Jr., Dist. Atty. Gen., James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

DUNCAN, Judge.

The defendant, Howard Sadler, waived his right to a jury trial and was tried and convicted of arson before the Honorable Andrew T. Taylor, Judge of the Madison County Criminal Court. The defendant received a penitentiary sentence of not less than three (3) years nor more than three (3) years. A jointly indicted co-defendant, Rubin C. Reams, III, was tried at the same time and was also found guilty. We have the defendant Sadler's appeal before this Court.

The defendant's assignments of error all attack the sufficiency of the evidence.

The evidence in this case showed that a two-room cabin, owned by David Carter, was destroyed by fire in July, 1974. Carter had previously engaged the services of Alton Weatherford to do some repair work on the house. Weatherford, in turn, had hired the defendant Sadler and the co-defendant Reams to assist him in the repair work. After the work was completed, a dispute arose over the amount of money owed by Carter to Weatherford. Carter testified that he and Weatherford had a heated discussion about the transaction and that Weatherford said, "Well, just forget about it. I will see to it that the cabin costs you ten times more than this amount." This conversation occurred about 2:30 p. m. on the day of the fire, and at 9:00 p. m. that night Carter learned that his cabin had been burned.

William R. Frost, an arson investigator with the Department of Insurance and Fire Protection Section, testified that he investigated the fire and in the course of his investigation had interrogated Reams. Reams made a statement, which was reduced to writing, in which he implicated the defendant Sadler. In his statement Reams said that at Sadler's suggestion, he got a can of gas; that both of them went to the cabin; and that Sadler "took the gas can and poured the gas on the house and set a match to it."

Frost further testified that afterwards, when Sadler and Reams were together, he read Reams' statement and that Sadler made no statement, except that "he just wanted a lawyer; that he didn't know anything about what Mr. Reams had said." Later in his testimony, the record reflects the following question and answer:

"Q. All right. Now, when you read this statement in the presence of Mr. Sadler and in the presence of Mr. Reams, did Mr. Sadler make any statements at all?

A. He said he didn't know what Rubin was talking about."

We have carefully searched this record and we find no other evidence that would implicate the defendant Sadler in this crime other than the comments contained in Reams' statement.

Neither of the defendants testified at the trial, and it is elementary that the statement of Reams could not be used to implicate Sadler. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The *Bruton* rule generally proscribes the use of one co-defendant's confession to implicate the other as being violative of the nonconfessing co-defendant's Sixth Amendment right of confrontation.

Actually in this case, the trial judge recognized that Reams' statement could not be considered against Sadler. When the statement was offered, the trial judge, in ruling on Sadler's objection to the statement, said:

"Any statement made outside the presence of Sadler by Reams cannot be considered as it pertains to Sadler."

The State in its brief seems to take the position that Reams' statement should be considered as evidence against Sadler, since Sadler, when confronted with it, did not dispute it. The State cites *Williams v. State*, Tenn.Cr.App., 491 S.W.2d 862 (1972) as authority for its position. We have reviewed that case and find it can serve as no authority for the position advanced. The facts there are completely dissimilar from those in the present case. In the *Williams* case all of the defendants confessed to the crime and one of the defendants testified.

■ The position which the State takes in this case is erroneous for two (2) reasons. First, Sadler did dispute Reams' statement by saying he wanted a lawyer and that he didn't know what Reams was talking about. Second, even if Sadler had remained silent at that time, the statement could not be used as evidence against him. After an accused is warned of his constitutional rights—including the right to remain silent, then if he chooses to exercise his right of silence, such cannot be used against him. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *State v. Flanagan*, 223 Tenn. 134, 443 S.W.2d 25 (1969); *Mays v. State*, Tenn.Cr.App., 495 S.W.2d 833 (1972).

We note that the record reflects that the able trial judge was concerned about the sufficiency of the evidence to convict the defendant Sadler. After he found Sadler guilty and set his punishment, he stated he wanted to "review the Sadler matter further . . .," and when Sadler's counsel reminded the court that Sadler had disputed Reams' statement when confronted with it, the court said, "all right, I'll consider that on your motion and review it further."

Thus, after considering the entire record, we find that it contains no competent evidence to support the defendant Sadler's conviction. We sustain his assignments of error. We hereby reverse and remand this case to the trial court for a new trial.

WALKER, P. J., and RUSSELL, J., concur.